**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shirley Diane Crisp, | No. CV-21-01649-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| United State Department of Education, | |
| Defendant. | |

Pending before the Court is Plaintiff's Complaint.  (Doc. 1.)  For reasons set forth below, the Court will dismiss the complaint with leave to amend.

## I.    BACKGROUND

Ms. Crisp's complaint alleges that she had her identity stolen and that someone fraudulently incurred student loan debt in her name.   (*Id.* at 6.)   Those purportedly fraudulent loans are now in default, and the IRS has garnished her tax refund of $5,818.00.  (*Id.*)  Although it is not entirely clear, she appears to be seeking (1) declaratory judgment that she has been "a victim of identity theft," (2) an injunction against future garnishment of her pay checks or tax returns related to this issue, (3) reimbursement of the previously garnished tax refund in the amount of $5,818.00 plus interest, and (4) to "not be held responsible for [the fraudulent] student loan debt."  (*Id.*)  Ms. Crisp has also filed an Application for Leave to Proceed In Forma Pauperis.  (Doc. 2.)

Ms. Crisp's filed her complaint against the United State Department of Education ("DOE") using a pro se civil case form.  (*See* Doc. 1 at 1–5.)  Where the form designates

the basis for jurisdiction, Ms. Crisp checked the federal question box but left blank the diversity of citizenship box. (*Id.* at 3.) However, in the federal question jurisdiction section, she neglected to "[l]ist the specific federal statues, federal treaties, and/or provisions of the Unites State Constitution that are at issues in this case." (*Id.*) Instead, Ms. Crisp filled out the citizenship details for herself and the DOE under the section for pleading diversity jurisdiction. (*Id.* at 3–4.) But Ms. Crisp neglected to list the amount in controversy or explain why she believed it exceeds $75,000. (*Id.* at 4.) In other words, Ms. Crisp has not properly pled either federal question or diversity jurisdiction, as explained below.

## II.  LEGAL STANDARD

In pro se filings, the Court must review the complaint to determine whether the action:

> (i)    is frivolous or malicious;
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

See 28 U.S.C. § 1915(e)(2)(B).

A complain is frivolous or fails to state a claim if there is no subject matter jurisdiction. "[L]ack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *see* Fed. R. Civ. P. 12(h)(3). Issues with jurisdiction "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial issue is one where "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In determining whether a facial jurisdictional issue exists, the court "accept[s] the plaintiff's allegations as true and draw[s] all reasonable inferences in the plaintiff's favor" and then "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

When a plaintiff does not meet the burden of showing that the court has subject-

matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3); *see also United States v. Cotton*, 535 U.S. 625, 630 (2002) ("Because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived.").  Additionally, a court must dismiss an *in forma puaperis* case if it determines that the Plaintiff "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915.

However, unless it is "'absolutely clear' that [a plaintiff] could not cure [a complaint's] deficiencies by amendment," the court will give the plaintiff opportunity to do so.  *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

**III. DISCUSSION**

Ms. Crisp's complaint suffers from jurisdictional and other procedural ailments.

**A.  Subject-Matter Jurisdiction**

Ms. Crisp has not properly pled subject-matter jurisdiction—either diversity or federal question.  "Federal courts are courts of limited jurisdiction" and may only hear cases as authorized by the Constitution or Congress.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A court has subject-matter jurisdiction (1) over claims that "aris[e] under the Constitution, laws, or treaties of the United States" and (2) over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties.  28 U.S.C. §§ 1331, 1332.  Because our jurisdiction is limited, it is presumed that a cause lies outside of it, and the burden of establishing jurisdiction is on the party asserting it.  *Kokkonen*, 511 U.S. at 377.

Ms. Crisp indicated that she was pleading federal question jurisdiction by checking that box on her complaint form, but she never provided the federal statute or constitutional provision on which her case rests.  Thus, she has not met the burden of establishing federal question jurisdiction.  Similarly, Ms. Crisp left the diversity judication portion of the form incomplete.  She filed out the party's citizenship but never listed the amount in controversy.  The only claim for financial relief that she clearly pled is in her attached letter, which demanded reimbursement of her garnished tax return, amounting $5,818.00 plus interest—

1  far short of the more than $75,000 requirement for diversity jurisdiction.

2      Therefore, Ms. Crisp has not properly pled diversity or federal question jurisdiction

3  and has left the Court without clarity as to what form of subject-matter jurisdiction she is

4  attempting to plead.  Consequently, dismissal is required.  Fed. R. Civ. P. 12(h)(3).

5              **B.  Sovereign Immunity**

6      Under 28 U.S.C. § 1915(e)(2)(B)(iii), the Complaint must also be dismissed if it

7  seeks monetary damages against a defendant who is immune from such relief.  Ms. Crisp

8  explains her grievance against the DOE but has not pointed to a waiver of sovereign

9  immunity that would subject the DOE to suit.  "Absent a waiver, sovereign immunity

10 shields the Federal Government and its agencies from suit."  *Fed. Deposit Ins. Corp. v.*

11 *Meyer*, 510 U.S. 471, 475 (1994).  A waiver of sovereign immunity "must be unequivocally

12 expressed" by congress in the relevant statute, and any such waiver "must be construed

13 strictly in favor of the sovereign."  *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–

14 34 (1992) (internal quotations omitted).  "The question whether the United States has

15 waived its sovereign immunity against suits for damages is, in the first instance, a question

16 of subject-matter jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.

17 1988).  In additional to the jurisdictional issues listed above, Ms. Crisp's complaint also

18 lacks jurisdiction under sovereign immunity doctrine.

19     Here, Ms. Crisp has not listed any federal statute that provides an unequivocal

20 waiver of the DOE's sovereign immunity as an agency of the United States government.

21 In fact, Ms. Crisp has not listed any statute—federal or otherwise—to support her claim.

22 Accordingly, her complaint must be dismissed.  *See* 28 U.S.C. § 1915 (providing that an

23 *in forma puaperis* proceeding must be dismiss if it the court determines that the action

24 "seeks monetary relief against a defendant who is immune from such relief").

25              **C.  Personal Identifiers**

26     Ms. Crisp also attached exhibits that contained personal identifiers in violation of

27 Fed. R. Civ. P. 5.2(a).  Rule 5.2(a) provides that

28     Unless the court orders otherwise, in an electronic or paper filing with the

court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:

> (1) the last four digits of the social-security number and taxpayer-identification number;
> (2) the year of the individual's birth;
> (3) the minor's initials; and
> (4) the last four digits of the financial-account number.

Here, Ms. Crisp has included information prohibited by Rule 5.2(a), such as full financial-account numbers. (*See, e.g.*, Doc. 1-1 at 7–12, 24–24, 26.) If Ms. Crisp files an amended complaint, she must comply with Rule 5.2(a) and redact this personal information.

### D. Leave to Amend

Although there are defects in Ms. Crisp's complain, "it is not 'absolutely clear' that [she] could not cure [her complaint's] deficiencies by amendment," *Barnes*, 749 F.3d at 767; therefore, the Court will give Ms. Crisp the opportunity to do so. *See* Fed. R. Civ. P. 15(a)(2). Ms. Crisp's amended complaint must address the deficiencies identified above and should follow the form detailed in Local Rule of Civil Procedure 7.1.

Within sixty (60) days from the date of entry of this Order, Ms. Crisp may submit an amended complaint. She must clearly designate on the face of her amended complaint that it is the "First Amended Complaint." If she decides to file an amended complaint, she is reminded that it supersedes the original complaint, *see Lacey v. Maricopa Cty.*, 693 F.3d 896, 925–28 (9th Cir. 2012), and it must be complete in itself and "must not incorporate by reference any part of the preceding pleading, including exhibits," LRCiv 15.1.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** dismissing Plaintiff's Complaint, (Doc. 1), with leave to amend.

**IT IS FURTHER ORDERED** instructing the Clerk to seal Plaintiff's initial complaint. (Doc. 1).

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this case if Plaintiff does not file an amended complaint within 60 days of this order.

Dated this 8th day of October, 2021.

Honorable Susan M. Brnovich
United States District Judge