**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shirley Diane Crisp,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States Department of Education,<br><br>　　　　　Defendant. | No. CV-21-01649-PHX-ROS<br><br>**ORDER** |

　　　　Shirley Diane Crisp ("Crisp") brought this action against the United States Department of Education ("DOE") seeking to prevent the DOE from seizing additional funds to satisfy an alleged debt. Crisp alleges she is the victim of identity theft perpetrated by Shirley Jean Jackson ("Jackson"). In her first amended complaint, Crisp alleges her 2019 tax refund was unlawfully seized without due process in violation of the Fifth Amendment of the United States Constitution. (Doc. 7 at 6). She seeks a declaratory judgment that she is the victim of identity theft, an injunction against future offsets and garnishments, and reimbursement of her tax offset plus any accrued interest. (Doc. 7 at 8). DOE filed a motion arguing the case should be dismissed for lack of jurisdiction as well as failure to state a claim on which relief could be granted. The DOE's motion also makes some arguments under the summary judgment standard. (Doc. 14). For the reasons below, DOE's motion will be granted.

**BACKGROUND**

　　　　The parties agree on most of the background facts. In general, the Court must accept

the complaint's factual allegations when resolving a motion to dismiss while the Court is free to review additional appropriate, admissible evidence when resolving a motion for summary judgment. The following facts are taken from Crisp's allegations in her complaint and the documents submitted by DOE.

Plaintiff Shirley D. Jackson was born in 1956 and used her maiden name, "Jackson," until 2001. (Doc. 7 at 23, 45). Non-party Shirley J. Jackson was born in 1958. (*Id.*) Crisp and Jackson are not the same person. (*Id.*) Crisp recounts being friends with Jackson's sister in the late 1970s, and Crisp even lived in the same household as Jackson for a while at that time. (Doc. 7 at 31, 34). Crisp and Jackson went to the same high school. (Doc. 18 at 1). Crisp believes Jackson started using Crisp's identity as early as 1978 when Jackson enrolled in community college. (Doc. 7 at 64).

In 1983, Crisp enrolled in Gateway Community College. Crisp admits she took out two student loans from First Interstate Bank to attend Gateway Community College. (Doc. 7 at 7). The loan documents list the borrower as "Shirley D. Jackson" and the lender as First Interstate Bank. (Doc. 14-4 at 6, 8).

Crisp claims she owes no money on those two loans. (Doc. 7 at 7). However, DOE alleges those loans defaulted in 1986, and in 2000, the two loans were consolidated into a new loan, curing the default status of the underlying loans. (Doc. 14-4 at 26). Inexplicably, the promissory note in 2000 for the consolidated loan was signed by "Shirley J. Jackson." (*Id.*) This transaction in 2000 appears to be at the core of Crisp's identity theft claim. Crisp alleges Jackson used *Crisp's* social security number in 2000 to consolidate *Jackson's* student loans. (Doc. 7 at 6-7).

Crisp seems to assert Jackson took out independent loans under Crisp's name and social security number to attend Phoenix College in 1983, and Gateway Community College in 1978. (Doc. 18 at 1). To support this claim, Crisp attached a student enrollment validation form from the Maricopa County Community College District, which lists courses taken at Gateway Community College in 1978 and Phoenix College in the Fall of 1983. (Doc. 14 at 3-4). Crisp initialed "SDC" next to all the other credits—from Fall of 1983-Spring of 1984 at Gateway Community College, and various classes after 2010—

- 2 -

apparently indicating those classes were ones in which she did, in fact, enroll. (*Id.*) It is possible this student enrollment validation form indicated confusion on the part of the Maricopa County Community Colleges as to which courses Crisp enrolled in;[1] however, that document does *not* suggest Jackson used Crisp's information to obtain loans in 1978 or 1983, nor does it suggest Jackson's loans were the basis of the 2000 loan consolidation.

DOE submitted a declaration from a "Loan Analyst" explaining the history leading up to the 2000 consolidation loan. According to that declaration, the consolidation loan paid off Crisp's two loans from 1983 and 1984. That is, the consolidation loan represents the remaining balance on Crisp's original loans taken out for her courses at Gateway Community College in 1983-1984. Why the consolidation loan was signed by "Shirley J. Jackson," a name Crisp has never used, is unclear.

The consolidated loan defaulted twice, once in 2002 and again in 2009. (Doc. 14-4 at 21). To cure the first default, in 2007 and 2008, twelve credit payments were made on the consolidated loan by "Shirley Jackson." (Doc. 14-4 at 42-45; Doc. 14-5 at 3-4). Crisp does not respond to this fact or explain whether she did or did not make those payments herself. In 2018, DOE sent Crisp a 65-day Treasury Offset Program notice, explaining DOE would refer her debt to the Treasury Department for collection through offset. (Doc. 14-5 at 9). Crisp did not respond or object. (*See* Doc. 14-5 at 16). On or about March 18, 2019, an offset payment in the amount of $5,818 was taken from Crisp's tax return. (*See* Doc. 14-5 at 18).

Crisp's operative complaint alleges the amount taken from her tax return constituted taxation without due process in violation of the Fifth Amendment. (Doc. 7 at 6). Crisp's complaint seeks: (i) a declaratory judgment that she is a victim of identity theft; (ii) a reimbursement for the previous garnishment of her tax return, in the amount of $5,818.00; (iii) an injunction against future garnishments of her pay checks or tax returns; and (iv)

---

[1] According to a police report Crisp attached to her complaint, Jackson told a police officer investigating Crisp's identity theft report that she did go to Phoenix College in the early 1980s. (Doc. 7 at 29). In addition, the validation form indicates Crisp attended Phoenix College and Gateway Community College simultaneously. While such dual enrollment may be possible, it seems unlikely.

- 3 -

relief from responsibility for the allegedly fraudulent student loan debt that has accumulated a balance of over $20,000. (Doc. 7 at 8).

DOE moves to dismiss Crisp's claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), moves to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and moves for summary judgment pursuant to Fed. R. Civ. P. 56. (Doc. 14 at 2-3).

## LEGAL STANDARD

A complaint is subject to dismissal where the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A complaint may also be dismissed for failure to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578 581 (9th Cir. 1983). The Court takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557)). The claim must be "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570)).

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

The Court construes *pro se* filings liberally and affords the *pro se* plaintiff the benefit of the doubt when analyzing her complaint. *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## ANALYSIS

DOE moves to dismiss Crisp's claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 14 at 7). As an agency of the Federal Government, DOE cannot be sued absent a waiver of sovereign immunity. *Thacker v. Tennessee Valley Auth.*, 139 S. Ct. 1435, 1440 (2019). A statute, however, allows DOE to "sue and be sued" in federal court for limited types of relief. 20 U.S.C. § 1082(a)(2). And "[s]uch a sue-and-be-sued clause serves to waive sovereign immunity." *Thacker*, 139 S. Ct. at 1440.

The sue-and-be-sued clause specifically prohibits a court from granting an "injunction . . . or other similar process" against the Secretary of Education. 20 U.S.C. § 1082(a)(2). Crisp's complaint is primarily seeking injunctive relief against the DOE. She seeks an order requiring reimbursement of amounts previously taken as well as an order prohibiting future garnishments. Those requests are injunctive in nature and the Court lacks jurisdiction to order such relief. *See Am. Ass'n of Cosmetology Sch. v. Riley*, 170 F.3d 1250, 1254-55 (9th Cir. 1999) (holding plaintiff cannot bring claim for declaratory relief against DOE because of injunction bar in 20 U.S.C. § 1082). *See also Martin v. Martin*, No. CV-21-01398-NCC, 2022 WL 1640348, at *3 (E.D. Mo. May 24, 2022) ("Plaintiff cannot state a claim against the Department of Education under the Fifth Amendment.").

To the extent Crisp's complaint should be viewed as seeking an award of damages, a federal agency cannot be sued for damages for alleged constitutional violations. *Taylor v. United States*, 2011 WL 1843286, at *5 (D. Ariz. May 16, 2011). Accordingly, Crisp's claims necessarily fail to the extent she seeks injunctive relief or money damages.

The Court construes *pro se* filings liberally and affords the *pro se* plaintiff the benefit of the doubt. *Erickson*, 551 U.S. at 94 (quoting *Estelle*, 429 U.S. at 106); *Hebbe*, 627 F.3d at 342. The Court will thus also consider Crisp's complaint as if she meant to assert a claim under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A). "The APA waives the federal government's sovereign immunity for a limited set of suits, brought by 'a person suffering legal wrong because of agency action' to obtain relief 'other

than money damages.'" *City of New York v. U.S. Dep't of Defense*, 913 F.3d 423, 430 (4th Cir. 2019) (quoting 5 U.S.C. § 702).

A borrower may apply to DOE for discharge of direct loan obligations based on being a victim of identity theft. 34 C.F.R. § 685.215. To qualify for discharge of debt on this basis, Crisp must: (i) "certify" she "did not sign the promissory note" or that another "means of identification" was used to obtain the loan without her permission; (ii) certify she "did not receive or benefit from the proceeds of the loan with knowledge that the loan had been made" without her authorization; (iii) "[p]rovide a copy of a local, State, or Federal court verdict or judgment that conclusively determines that . . . [she was] the victim of a crime of identity theft"; and (iv) if the "judicial determination of the crime does not expressly state that the loan was obtained as a result of the crime of identity theft," provide an "authentic signature . . . corresponding to the means of identification falsely used to obtain the loan" and a "statement of facts that demonstrate, to the satisfaction of the Secretary, that eligibility for the loan in question was falsely certified as a result of the crime of identity theft." 34 C.F.R. § 685.215(c)(5)(i).

DOE argues Crisp only met the first criteria, which means the refusal to discharge her debt was not arbitrary and capricious in violation of the APA. (Doc. 14 at 11). DOE further argues Crisp *benefitted* from the loan consolidation, as it paid off her previous debts and gave her access to additional forgiveness programs and loan repayment plans. (Doc. 14 at 11-12). DOE lastly argues the lack of a legitimate judicial determination that Crisp was the victim of an identity theft was fatal to her application under the regulatory standards. (Doc. 14 at 12-13).

DOE's decision not to discharge Crisp's debt was not arbitrary and capricious because Crisp failed to provide a judicial determination that she was a victim of identity theft. *Pleasant v. Cardona*, No. 20-CV-74, 2022 WL 36130, at *6 (W.D. Va. Jan. 4, 2022) (holding DOE did not violate APA for rejecting application for discharge because plaintiff failed to provide judicial determination of identity theft); *Cianfrani v. Cardona*, --- F. Supp. 3d ---, 2022 WL 3213864, at *3 (E.D. Pa. Aug. 8, 2022) ("Courts have routinely held that a verdict or judgment is required for a loan discharge due to identity theft."); *Johnson v.*

*U.S. Dep't of Educ.*, No. RDB-17-2104, 2018 WL 3420016, at *3 (D. Md. July 13, 2018) (granting summary judgment on Plaintiff's APA claim where plaintiff failed to provide court verdict or judgment); *Castagnola v. Educ. Credit Mgmt. Corp.*, No. 14-3061, 2014 WL 12819298, at *2 (6th Cir. Sept. 2, 2014) (affirming summary judgment because plaintiff failed to provide a court verdict or judgment that he was the victim of identity theft).

Additionally, DOE's decision was not arbitrary and capricious given the facts in the record provided by Crisp. Crisp benefited from the loan consolidation, which paid off her two original student loans; moreover, it is unlikely an identity thief would benefit from consolidating Crisp's loans for her. *See Nomesiri v. U.S. Dep't of Educ.*, No. 20-CV-1440-TLN-KJN PS, 2021 WL 5771655, at *8 (E.D. Cal. Dec. 6, 2021). Crisp does not seem to dispute that she took out two original loans in 1983 and 1984 to attend Gateway College, and since those are the basis for the consolidated loan, even if the consolidated loan were fraudulent, her debt on the original two "would be reinstated" and Crisp "would remain liable on them." *Id.* Additionally, Crisp's maiden name was Jackson, which she used at least until 2001, after the consolidation of her two loans occurred under the name "Jackson" in 2000. DOE's decision was not arbitrary and capricious in violation of the APA.

It is possible that Crisp may be attempting in good faith to obtain a judicial determination through this current action in order to comply with DOE's regulations. But that is impossible here. To the extent Crisp seeks a declaration from the Court that Jackson perpetrated identity theft on Crisp pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, the Court has no jurisdiction to do so in this case. *See Martin*, 2022 WL 1640348, at *6 (finding no jurisdiction to address standalone claim for judgment or verdict in accordance with 34 C.F.R. § 685.215(c)(5)(i)(C) because the Declaratory Judgment Act "enlarges the range of remedies available in federal courts but does not confer jurisdiction"). If Crisp seeks a declaration that Jackson stole her identity, she may wish to pursue a claim in an appropriate court with jurisdiction against Jackson directly.

The Court has construed Crisp's complaint and filings liberally. Even so, Crisp's

amended complaint must be dismissed.[2]

Accordingly,

**IT IS ORDERED** Defendant's Motion to Dismiss and Motion for Summary Judgment (Doc. 14) is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to enter judgment and close this case.

Dated this 15th day of December, 2022.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[2] Crisp's complaint has already been dismissed once for lack of jurisdiction. (Doc. 5). Having amended once without fixing the jurisdictional flaws, Plaintiff will not be granted leave to amend her request for injunctive relief again. The Court also reviewed Crisp's complaint liberally and considered other possible avenues of relief, including a claim under the APA. However, neither the current complaint nor any possible amendment would be able to cure the flaws with these alternative claims. Therefore, Crisp will not be granted leave to amend to attempt to state any alternative claim. Because the Court lacks jurisdiction over the claim clearly pled in Crisp's complaint, the dismissal must be without prejudice.